
**NOT FOR PUBLICATION**

```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| ALFRED FLOWERS, | |
| Petitioner, | Civil No. 07-0045 (JBS) |
| v. | |
| PAUL SCHULTZ, et al., | **O P I N I O N** |
| Respondents. | |

**APPEARANCES:**

Alfred Flowers, Pro Se
#19651-057
FCI Fairton
P.O. Box 420
Fairton, NJ 08320

**SIMANDLE, District Judge**

Petitioner, Alfred Flowers, files this petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Petitioner has also filed an application to proceed in forma pauperis ("IFP"). For the following reasons, the Court will grant the application to proceed IFP and dismiss the petition for lack of jurisdiction.

## BACKGROUND

Petitioner states that Respondents wrongfully disposed of his personal property. Specifically, he alleges that while incarcerated at the Federal Correctional Institution in Ashland, Kentucky, his personal property was inventoried due to a pending transfer to Louisiana to answer charges in the United States

District Court, Eastern District of Louisiana.  On February 23, 2004, Petitioner was transferred to Louisiana pursuant to a writ of habeas corpus ad prosequedum.

On January 23, 2006, after proceedings regarding his Louisiana charges, Petitioner was released from the writ and redesignated to the Fairton facility, where he is currently confined.  Upon his arrival at Fairton, he inquired about his personal property which was inventoried in Kentucky.  He was informed that his property was mailed to his home address.

On February 17, 2006, Petitioner initiated an administrative remedy procedure regarding his property.  He does not relay the outcome of the administrative remedy.  Petitioner states that his property consisted of personal items and personal legal documents and files.  He asks for compensation for his property, a declaration that a Program Statement upon which Respondents based their action in disposing of his property is vague and irrelevant, and other costs and expenses for litigation.

## DISCUSSION

Petitioner seeks a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241(c)(3).  That section states that the writ will not be extended to a prisoner unless "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

United States Code Title 28, Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).  Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief.  See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989);  see also 28 U.S.C. §§ 2243, 2255.

In the instant case, Petitioner has not alleged that he is in custody in violation of the Constitution or laws of the United States, as required by § 2241.  Instead, Petitioner seeks compensation and other relief for the allegedly improper handling

of his personal property by the Bureau of Prisons and other federal agencies.

Any potential remedy for Petitioner would more properly be sought in an action under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-80,[1] or in an action filed pursuant to Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971).[2]

## CONCLUSION

Therefore, because Petitioner has failed to state a constitutional claim challenging his custody, the petition will

---

[1] Petitioner should note that the FTCA bars a claimant from bringing suit in a district court unless he has first exhausted administrative remedies. See 28 U.S.C. § 2675(a); see also McNeil v. United States, 508 U.S. 106 (1993); Deutsch v. United States, 67 F.3d 1080, 1091 (3d Cir. 1995). Further, a tort claim against the United States pursuant to the FTCA is time-barred unless a claimant presents the claim in writing to the appropriate Federal agency within two years after the claim accrues, and files the action in the district court within six months of notice by certified or registered mail of a final decision of the claim by the agency to which it was presented. See 28 U.S.C. § 2401(b); Pascale v. United States, 998 F.2d 186, 190 (3d Cir. 1993).

[2] Petitioner should note that, generally, a claim that the defendants acted negligently in failing to return a plaintiff's property does not amount to a constitutional deprivation of property claim under the Due Process Clause. See Daniels v. Williams, 474 U.S. 327 (1986)(negligence of federal agents resulting in property loss to plaintiff not constitutional deprivation). In addition, unauthorized intentional deprivation of property does not constitute a violation of the Due Process Clause if a meaningful post-deprivation remedy for loss is available. See Hudson v. Palmer, 468 U.S. 517, 530-36 (1984). In the case at issue, it appears that a meaningful post-deprivation remedy for Petitioner's loss exists in the FTCA.

be dismissed for lack of jurisdiction.  An appropriate Order accompanies this Opinion.

                                        **s/ Jerome B. Simandle**
                                        JEROME B. SIMANDLE
                                        United States District Judge

Dated:   **February 2, 2007**