**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

ALFRED FLOWERS,

        Petitioner,           Civil No. 07-0045 (JBS)

      v.

PAUL SCHULTZ, et al.,           **O P I N I O N**

        Respondents.

**APPEARANCES**:

Alfred Flowers, Pro Se
#19651-057
FCI Fairton
P.O. Box 420
Fairton, NJ 08320

**SIMANDLE, District Judge**

    Petitioner, Alfred Flowers, has filed a Motion to Alter or Amend the Judgement entered by this Court on February 2, 2007, pursuant to Federal Rule of Civil Procedure 59(e). Having considered the instant motion pursuant to Fed. R. Civ. P. 78, the Court will grant Petitioner's motion.

## BACKGROUND

    On January 4, 2007, Petitioner filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. Petitioner argued that Respondents, wardens at Federal Correctional Institutions, wrongfully disposed of his personal property. Specifically, he alleged that while incarcerated at the Federal

Correctional Institution in Ashland, Kentucky, his personal property was inventoried due to a pending transfer to Louisiana to answer charges in the United States District Court, Eastern District of Louisiana. On February 23, 2004, Petitioner was transferred to Louisiana pursuant to a writ of habeas corpus <u>ad prosequedum</u>.

On January 23, 2006, after proceedings regarding his Louisiana charges, Petitioner was released from the writ and redesignated to the Fairton facility, where he is currently confined. Upon his arrival at Fairton, he inquired about his personal property which was inventoried in Kentucky. He was informed that his property was mailed to his home address.

On February 17, 2006, Petitioner initiated an administrative remedy procedure regarding his property. Although he did not relay the outcome of the administrative remedy in his initial petition, in this motion Petitioner states that he "has exhausted his administrative remedies and, if necessary, seeks to amend his complaint to reflect such exhaustion." (Motion, p. 2). Petitioner states that his property consisted of personal items and personal legal documents and files. He asked for compensation for his property, a declaration that a Program Statement upon which Respondents based their action in disposing of his property is vague and irrelevant, and other costs and expenses for litigation.

On February 2, 2007, this Court issued an Opinion and Order dismissing the habeas petition for lack of jurisdiction. This Court held that Petitioner was not asserting that he was in custody in violation of the Constitution or laws of the United States, as required by § 2241. Instead, Petitioner sought compensation and other relief for the allegedly improper handling of his personal property by the Bureau of Prisons ("BOP") and other federal agencies. Thus, this Court concluded, any potential remedy for Petitioner would more properly be sought in an action under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-80, or in an action filed pursuant to <u>Bivens v. Six Unknown Fed. Narcotics Agents</u>, 403 U.S. 388 (1971).

On February 21, 2007, Petitioner submitted the instant motion seeking to alter or amend the Court's judgment.[1] First, Petitioner argues that there is habeas jurisdiction to address his property claims. Next, Petitioner argues that contrary to this Court's Opinion, he does not seek compensation for his personal property, but rather seeks to invalidate the BOP's

---

[1] Pursuant to Fed. R. Civ. P. 59(e) and Local Civil Rule 7.1(i), a motion for reconsideration must be served and filed within ten days of the entry of judgment of the original order or judgment being challenged. In the instant case, the Court's Order denying Petitioner's habeas petition was entered by the Clerk of the Court on February 5, 2007. The instant motion was dated February 15, 2007, by Petitioner. Accordingly, the motion is timely. See <u>Houston v. Lack</u>, 487 U.S. 266 (1988); <u>Smith v. Evans</u>, 853 F.2d 155 (3d Cir. 1988); <u>see also</u> <u>Burns v. Morton</u>, 134 F.3d 109, 113 (3d Cir. 1998); <u>In re Flanagan</u>, 999 F.2d 753, 759 (3d Cir. 1993).

Program Statement 5580.07.  He states that he has "no other viable option to address the shortcomings of the BOP's administrative decision."  Petitioner submits that he should be afforded the opportunity to amend his complaint to seek a declaratory judgment under 28 U.S.C. §§ 1331 and 2201.  (Motion, p. 5).

### DISCUSSION

Generally, there are four basic grounds upon which a Rule 59(e) motion may be granted:  (1) to correct manifest errors of law or fact upon which the judgment was based; (2) to present newly-discovered or previously unavailable evidence; (3) to prevent manifest injustice; and (4) an intervening change in prevailing law.  See 11 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2810.1 (2d ed. 1995); see also Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986)(purpose of motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence).  "To support reargument, a moving party must show that dispositive factual matters or controlling decisions of law were overlooked by the court in reaching its prior decision." Assisted Living Associates of Moorestown, L.L.C., v. Moorestown Tp, 996 F. Supp. 409, 442 (D.N.J. 1998).  However, mere disagreement with the district court's decision is inappropriate on a motion for

reargument, and should be raised through the appellate process. See id. (citing Bermingham v. Sony Corp. of America, Inc., 820 F. Supp. 834, 859 n.8 (D.N.J. 1992), aff'd, 37 F.3d 1485 (3d Cir. 1994); G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990)). "The Court will only entertain such a motion where the overlooked matters, if considered by the Court, might reasonably have resulted in a different conclusion." Assisted Living, 996 F. Supp. at 442. Accordingly, a district court "has considerable discretion in deciding whether to reopen a case under Rule 59(e)." Edward H. Bohlin, Co. v. Banning Co., Inc., 6 F.3d 350, 355 (5th Cir. 1993).

This Court found that there was no jurisdiction over Petitioner's habeas claim challenging his deprivation of property. With this motion, Petitioner disagrees with the Court's conclusion regarding jurisdiction. However, Petitioner fails to present any new facts in support of his Motion for Reconsideration, nor does he point to any intervening change in the law governing those claims. Petitioner's jurisdictional argument submitted in this motion is essentially a "recapitulation of the cases and arguments considered by the court before rendering its original decision," which is insufficient to support a motion for reconsideration. See Degnan, 748 F. Supp. at 275.

Nonetheless, in addition to his argument that this Court erred in finding that Petitioner had no jurisdictional basis for his property claim under 28 U.S.C. § 2241, Petitioner asks the Court to allow him to amend his original filing to assert claims under the Declaratory Judgments Act, 28 U.S.C. §§ 1331 and 2201. Actions under the Declaratory Judgments Act must be filed by way of a civil complaint, and are subject to the $350.00 filing fee (or completed application to proceed in forma pauperis), and to the screening provisions of 28 U.S.C. §§ 1915 and/or 1915A.

As the Court of Appeals for the Third Circuit has noted, labels on pleadings, especially those on pro se pleadings, are not determinative. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998). Accordingly, "if a petition asks for habeas corpus relief when petitioner 'should have brought a civil rights suit, all he has done is mislabel his suit, and either he should be given leave to plead over or the mislabeling should simply be ignored.'" Id. (quoting Graham v. Broglin, 922 F.2d 379, 381-82 (7th Cir. 1991).

Thus, as Petitioner has pronounced in this motion that he seeks to challenge the Program Statement in a civil action, and because he refers to the vagueness of the Program Statement in his original filing which was dismissed by this Court, this Court will construe Petitioner's original filing as "mislabeled" and grant Petitioner's motion for reconsideration. This Court will

order a new civil case to be opened, and Petitioner will have 45 days to either pay the filing fee or file an application to proceed in forma pauperis, and to file an amended pleading asserting his civil claims, consistent with the foregoing discussion.

## CONCLUSION

Based on the foregoing, Petitioner's motion will be granted. An appropriate Order accompanies this Opinion.

                                     **s/ Jerome B. Simandle**
                                     JEROME B. SIMANDLE
                                     United States District Judge

Dated:    **April 19, 2007**